IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FOR THE GUSTO MOTORSPORTS, INC., § <br> and BRUCE LEE ADAMS, JR., § <br> § <br> Plaintiffs, § <br> § <br> v.                              § <br> § <br> RICHARD LANE,                 § <br> § <br> Defendant.                     § | Civil Action No. **3:16-CV-1074-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Richard Lane's Motion to Dismiss Plaintiff's Complaint (Doc. 12), filed July 28, 2016. No response was filed. For the reasons that follow, the court **grants** Defendant Richard Lane's Motion to Dismiss Plaintiff's Complaint.

**I.    Background**

Defendant Richard Lane ("Lane") is the owner of SS Autochrome, Inc. ("SSA"), which designs, manufactures, distributes, and sells high-performance auto parts. *See* Aff. of Richard Lane (Ex. 1 to Def.'s Mot.). In 2013, SSA gave Plaintiffs, For the Gusto Motorsports, Inc. and Bruce Lee Adams, Jr. (the "Adams Parties") permission to market and sell certain of SSA's products. *Id.* In January of 2016, a dispute arose between Lane and SSA, on the one hand, and the Adams Parties, on the other hand, relating to ownership and use of certain proprietary information. *Id.* On March 10, 2016, Lane and SSA filed a lawsuit against the Adams Parties in the Eastern District of North Carolina, in a case styled *Richard Lane d/b/a SS Autochrome, Inc., et al. v. Bruce Lee Adams, Jr. d/b/a FTG Motorsports, For the Gusto Motorsports, et al.*, Civil Action No. 5:16-cv-107-D (the

"North Carolina Action"). *See* Ex. 2 to Def.'s Mot (Original Complaint).

On March 30, 2016, the Adams Parties filed this lawsuit against Lane in the 160th Judicial District Court of Dallas County, Texas. *See* Not. of Removal (Doc. 1 at Ex. 3 (Orig. Pet.)). On April 20, 2016, Lane removed the action to this court alleging subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332(a). This lawsuit concerns the same parties, claims, and issues as the North Carolina Action, that was filed first. Lane now moves to dismiss this action based on the "first to file" rule.

## II.     Analysis

The "first to file" rule is a "generally recognized doctrine of federal comity [that] permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Texas Instruments Inc. v. Micron Semiconductor, Inc.,* 815 F.Supp. 994, 997 (E.D. Tex. 1993). The rule promotes the conservation of judicial resources and the comprehensive disposition of litigation by avoiding waste of duplication, interference in another court's affairs, and piecemeal resolution of issues that call for a uniform result. *See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729–31 (5th Cir. 1985). In the Fifth Circuit, absent compelling circumstances, the court that initially obtains the controversy should be the one to decide whether it will try it. *Texas Instruments,* 815 F. Supp. at 997 (quoting *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir.1971)).

The court concludes that there are no such compelling circumstances in the present case. The North Carolina Action and the present action have a substantial relationship. They arise in connection with the same dispute and are essentially mirror images of each other, and the circumstances surrounding the filing of the instant suit are sufficient to cause this court to defer to

the Eastern District of North Carolina. Further, the Adams Parties have not filed an opposition to Lane's Motion to Dismiss and, therefore, have failed to provide this court with any legal basis for finding that compelling circumstances exist in this case such that it should retain jurisdiction over this matter in the face of the first-filed North Carolina Action. Accordingly, the court grants Lane's Motion to Dismiss this action under the "first to file" rule.[*]

**III.   Conclusion**

For the reasons herein stated, the court **grants** Defendant Richard Lane's Motion to Dismiss Plaintiff's Complaint (Doc. 12) and **dismisses** this lawsuit **with prejudice**. The court dismisses with prejudice because this action involves three of the same parties that are parties in the North Carolina Action. The issues raised in this action are also raised in the North Carolina Action. As required, a final judgment will issue by separate document pursuant to Federal Rule of Civil Procedure 58.

**It is so ordered** this 7th day of March, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] In the alternative to his motion to dismiss based on the "first to file" rule, Lane moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that the court lacks personal jurisdiction over him. The court's ruling granting Lane's motion to dismiss based on the "first to file" rule renders **moot** his alternative motion to dismiss for lack of personal jurisdiction.

**Memorandum Opinion and Order - Page 3**